UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JASON IBARRA,

    Plaintiff,

Civil No.: _____

vs.

FUTURE MOTION, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, FUTURE MOTION, INC. ("Defendant" or "Future Motion"), hereby files this Notice of Removal of the above-referenced action from the Circuit Court in the Nineteenth Judicial Circuit in and for Martin County, Florida, in which it is now pending, to the United States District Court, Southern District of Florida, Fort Pierce Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

As grounds for removal, Defendant states as follows:

**I.    Relevant Background**

1.    Plaintiff commenced this litigation by filing a Summons and Complaint on November 1, 2021, in the Martin County Clerk's Office. A copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A,** and was served on Future Motion, Inc. on November 1, 2021. According to Plaintiff's Complaint, Plaintiff Jason Ibarra alleges that Future Motion, Inc. was negligent in the designing, development, testing, manufacturing, assembly, marketing, selling, distributing, and/or warnings related to the Onewheel+ XR.

2. Defendant served jurisdictional discovery on Plaintiff prior to answering Plaintiff's Complaint, annexed hereto as **Exhibit B**. Defendant timely answered Plaintiff's Complaint on November 19, 2021.

## II. Papers from Removed Action.

3. Pursuant to 28 U.S.C. § 1446(a), annexed hereto as **Exhibit C** is a copy of all process, pleadings, and orders served upon Defendant in the State Court action.

## II. The Removal is Timely.

4. Defendant was served with the Complaint on November 1, 2021. The initial pleadings did not indicate the case was removable. Defendant served jurisdictional discovery on Plaintiff on November 10, 2021. Defendant was served with responses to jurisdictional discovery on January 31, 2022, annexed hereto as **Exhibit D**, indicating that Plaintiff is seeking damages in excess of $75,000. Accordingly, this notice of removal is being filed within 30 days of service of a copy of the responses to jurisdictional discovery setting forth the claims for relief upon which such action is based, and therefore, is timely under 28 U.S.C. § 1446(b)(3).

## III. Venue and Jurisdiction Are Proper in This Court

5. Venue is proper in the United States District Court for the Southern District of Florida as this is the District corresponding to and embracing the place where the state-court action was pending.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because (i) it is between "[c]itizens of different States;" and (ii) the "matter in controversy exceeds the sums or value of $75,000, exclusive of interests and costs."

## IV. Complete Diversity Exists

7. Plaintiff is a resident and citizen of the State of Florida. *See* **Exhibit A** at ¶ 2.

Plaintiff's Complaint alleges that he is a resident of Florida. On February 15, 2022, undersigned counsel conferred with counsel for Plaintiff, who confirmed that Plaintiff is also a citizen of the State of Florida.

8. Future Motion is diverse to Plaintiff. Defendant Future Motion, Inc. is a Delaware corporation, with its principal place of business in California. *Id.* at ¶ 3.

9. Because Plaintiff is a citizen of Florida and Defendant is not, diversity of citizenship exists under 28 U.S.C. § 1332.

V. **The Amount In Controversy Requirement is Satisfied**

10. The value of the Plaintiff's alleged damages exceeds $75,000.00 based on Plaintiff's responses to jurisdictional discovery. *See* **Exhibit D**.

11. Where removal of a civil action is sought on the basis of diversity jurisdiction:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000] information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

(28 U.S.C. § 1146(c)(3)(A)).

12. Upon receiving the Plaintiff's Complaint, Defendant served Plaintiff with jurisdictional discovery to determine the amount in controversy to which Plaintiff's admissions state the amount in controversy exceeds $75,000. *See* **Exhibit D** at ¶ 1. Additionally, Plaintiff, in his Complaint, alleges to have sustained serious and permanent injuries to his left wrist, including two fractures to his forearm, along with numbness and nerve damage in his middle finger and thumb; physical pain; mental anguish; pain and suffering; loss of enjoyment of life; disability and disfigurement; ongoing and future medical expenses; physical handicap; and past and future loss of earnings. *See* **Exhibit A** at ¶ 27. The claimed damages satisfy the amount in controversy requirement.

13. For these reasons, this Court has original jurisdiction over this action and removal is proper.

**VI.     Filing of Removal Papers**

14. Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, is being served on Plaintiff's counsel contemporaneously with this filing and will be filed with the Office of the Clerk of the United States District Court for the Southern District of Florida as provided by 28 U.S.C. § 1446(d).

15. All procedural requirements for removal under §§ 28 U.S.C. 1441 and 1446 have been satisfied and this case is hereby removed pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332.

16. Defendant reserves all defenses to Plaintiff's claims. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, including but not limited to (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party or parties; or (8) any other pertinent defense available.

17. DEFENDANT DEMANDS A TRIAL BY JURY.

DATED:    February 16, 2022

                        */s/ Michael R. Holt*
                        MICHAEL HOLT
                        Florida Bar No.: 483450
                        E-mail: mholt@rumberger.com
                        docketingmiami@rumberger.com
                        mholtsecy@rumberger.com
                        LIGIANETTE CORDOVA
                        Florida Bar No.: 103271
                        E-mail: lcordova@rumberger.com
                        docketingmiami@rumberger.com and
                        lcordovasecy@rumberger.com
                        Rumberger, Kirk, & Caldwell, P.A.
                        Brickell City Tower, Suite 3000
                        80 Southwest 8th Street
                        Miami, Florida 33130-3037
                        Tel: 305.358.5577
                        Fax: 305.371.7580

                        *Attorneys for Defendant*