UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14067-CIV-MIDDLEBROOKS/MAYNARD

**JASON IBARRA**,

    Plaintiff,

v.

**FUTURE MOTION, INC.**,

    Defendant.

_____/

## ORDER ON DEFENDANT FUTURE MOTION INC.'S  EMERGENCY MOTION FOR A PROTECTIVE ORDER ("MOTION FOR PROTECTIVE ORDER")[1] (DE 26)

**THIS CAUSE** is before me upon the above referenced Motion for Protective Order filed on July 13, 2022.  The District Judge has referred to me discovery matters, including the subject motion, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.  DE 28.  Plaintiff Jason Ibarra filed a Response on July 25, 2022.  DE 33.  Defendant Future Motion, Inc. ("Future Motion") filed a Reply on August 1, 2022. DE 58.  Having reviewed the Motion for Protective Order, the Response, the Reply, the record in this case, and having heard oral argument from the parties on August 2, 2022 ("Discovery Hearing") (DE 36), the Motion for Protective Order is **GRANTED IN PART AND DENIED IN PART** as detailed herein.

Plaintiff Jason Ibarra alleges that he was injured, on February 12, 2021, when Future Motion's Onewheel + XR device[2] ("Onewheel"), a self-balancing, battery-operated, one-wheel

---

[1] Future Motion, Inc. withdrew its emergency designation later in the day on July 13, 2022.  DE 27.

[2] Defendant noted that Plaintiff identifies the product as a Onewheel+ XR; however, the model at issue is actually a Onewheel+.  DE 26 at n.1.

electric skateboard, suddenly and unexpectedly nosedived and threw him from the board. DE 1-4 at 9-12, ¶¶11, 20. Specifically, Plaintiff contends that Onewheel's safety feature known as "pushback"—a warning system designed to warn riders to avoid a dangerous situation—does not always work and that Onewheel will sometimes "simply nosedive and shut off" throwing the rider off the device. *Id.* at 9-10, ¶13. Further, Plaintiff asserts that, due to the many factors involved in Onewheel's operation, predicting when or what will cause it to nosedive is "nearly impossible." *Id.* As a result, Plaintiff brings two counts: Count I for Negligence and Count II for Strict Liability. *Id.* at 7-19.

The pending discovery dispute pertains to Future Motion's efforts to protect from discovery information about its highly confidential source code.[3] Future Motion asserts that its source code "is its most valuable asset, was the result of significant investment[, and] is of enormous commercial value because someone with access to it could . . . cause catastrophic competitive harm . . . without making the same investment." *Id.* at 9-10. Future Motion argues that Plaintiff has failed to show that the source code is relevant to his allegations or necessary to proving his case. *Id.* at 12. Future Motion also argues that Plaintiff's requests are overbroad because he seeks "all versions of source code over an eight-year span, including all changes through the course of its development." *Id.* Moreover, Future Motion argues that discovery of the source code is not proportional to the needs of the case given that "Plaintiff reportedly fractured his wrist due to falling from the board, whereas the production of [its] source code would jeopardize [its] business and over 100 jobs . . . .." *Id.* at 12-13.

---

[3] Future Motion states that "Plaintiff has sought the production of all versions of [its] highly confidential source code, as well as documents related to all updates/changes to the source code, the software requirements documents, documents regarding the products' version control system, and the deposition of Daniel Wood, the developer of the source code." DE 26 at 2.

Plaintiff Ibarra responds that, because Onewheel only functions if its hardware and firmware are communicating, his expert will be unable to provide a full and complete report attesting to defects and deficient warnings without firmware information and source code. DE 33 at 2. Counsel for Plaintiff declares that Plaintiff's expert stated the following in a report served upon Future Motion:

> The role of the controller in unexpected nose-dives cannot be fully evaluated until the programming and the underlying physics models are made available. This includes whether or not the controller may cease motor operation due to battery temperature or other information that the controller may receive from the battery management system, and if pushback varies in intensity or duration under different conditions."

DE 33 at 2; DE 33-1 at 3, ¶11. According to Plaintiff, he will be unable to prove his case "if his experts are not provided access to firmware and source code." DE 33 at 8. Plaintiff also argues that Future Motion has confirmed that Onewheel "interprets information from various sensors to determine when pushback is necessary [as a warning], and that many instances exist that could trigger pushback." *Id.* at 3. Moreover, Plaintiff argues that the parties negotiated a Stipulated Protective Order (DE 33-1 at 35-61), and Future Motion has failed to show how it would be harmed by disclosure of the source code to Plaintiff given the terms of the Stipulated Protective Order.[4] DE 33 at 7.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). Rule 26, however, also protects those from whom discovery is sought from 'annoyance,

---

[4] Plaintiff confirms that he "seeks various versions of the source code, as well as the software requirements document and version control system maintained by defendant . . . to understand how the pushback warning was refined over the years and for what reasons. as well as the deposition of Daniel Wood, as he is the lead firmware developer . . . [and] knowledgeable about pushback warnings and board limitations from the beginning of defendant's business. DE 33 at 8.

embarrassment, oppression, or undue burden or expense.'" *Hayes Healthcare Servs., LLC v. Meacham*, No. 19-60113-CIV, 2019 WL 7708240, at *1 (S.D. Fla. July 1, 2019) (quoting Fed.R.Civ.P. 26(c)(1)). "Rule 26 specifically authorizes a protective order prohibiting or designating the manner of disclosure of a 'trade secret or other confidential research, development, or commercial information.'" *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 325–26 (S.D. Fla. 1985); Fed. R. Civ. P. 26(c)(1)(G). Additionally, as the *Mackle* Court aptly stated:

> In order to resist discovery of such confidential information, a party must first establish that the information sought is indeed confidential and then demonstrate that its disclosure might be harmful. Once these requirements are met, the burden shifts to the other party to establish that discovery of the trade secrets or confidential information is relevant and necessary to the action. The district court then must balance the need for protection of the trade secrets against the claim of injury resulting from disclosure. Discovery may be denied if proof of relevancy or need is not established, but if relevancy and need are shown, the trade secret should be disclosed. Determination of whether the need outweighs the harm of disclosure falls within the sound discretion of the trial court.

*Id.* at 326.

Here, Future Motion has established the first two requirements—that the source code confidential and that disclosure might be harmful. Future Motion attached to its Motion for Protective Order a declaration from its Director of Control Systems, Mr. Daniel Wood, attesting that Future Motion's source code is kept secret because it gives Future Motion its competitive advantage. DE 26-1 at 2. Mr. Wood testifies that access is restricted to two employees and storage is accomplished via secure code repositories. *Id.* Mr. Wood further attests that the source code is easily copied and, should a third party obtain it, that party would have the ability to replicate the functionality of Onewheel and produce competitive copies at lower costs in other countries threatening Future Motion's viability. *Id.* Thus, I find that Future Motion has demonstrated that its source code is confidential and that its disclosure would harm it.

I also find, however, that Future Motion's source code is relevant to Plaintiff's claims and that Plaintiff has established that a review of the source code is necessary. Given the multitude of inputs that determine whether "pushback" is triggered, Plaintiff has established that without information about source code his experts cannot fully evaluate what may cause Onewheel to nosedive and endanger a rider instead of providing a pushback warning. Furthermore, Future Motion's argument that discovery pertaining to the source code is disproportional to the needs of the case on grounds that Plaintiff merely fractured his wrist lacks merit. Plaintiff alleges that he "suffered severe, disfiguring, and permanent injuries" and that such unpredictable nosedives can cause severe injuries as alleged here or even death. DE 1-4 at 11-12. Thus, Plaintiff's alleged injuries are not minor, nor is the alleged potential danger, and Future Motion's contention that discovery of its source code should be precluded on this basis fails.

While Plaintiff Ibarra is entitled to discovery pertaining to Future Motion's source code, I find Plaintiff's request should be narrowed.[5] Specifically, I find that Plaintiff is only entitled to discovery relative to source code for the firmware pertaining to the specific Onewheel model that Plaintiff alleges injured him. To the extent that Plaintiff seeks information about source code for other models of the device at issue, Future Motion's Motion for Protective Order is granted.

In addition, given the highly confidential nature of Future Motion's source code,[6] certain protections are warranted to prevent inadvertent disclosure. Plaintiff takes issue with Future Motion's contention that harm would come from its disclosure to Plaintiff, in part, because the parties entered into the Stipulated Protective Order addressing how discovery must be handled. DE 33 at 6. The Stipulated Protective Order, however, states that "[t]he parties agree to discuss

---

[5] Plaintiff Ibarra agreed at the Discovery Hearing to limit discovery about Future Motion's firmware source code to the specific model used by Plaintiff. DE 36.

[6] Plaintiff acknowledges the confidotial nature of Future Motion's source code. DE 33 at 6.

an appropriate protocol for the inspection of materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" in the event in becomes necessary in the case." DE 33-1 at 47, ¶10. Therefore, the Stipulated Protective Order does not explicitly address how inspection of source code will be handled. As such, I find that the parties should confer and come to agreement on the protocols for handling inspection of the source code. If the parties are unable to agree on the protocols, then the parties shall each be required to submit a proposal, supported by the declaration from an appropriate expert, as to appropriate protocols so that the Court may choose which party's proposal shall apply.

Furthermore, I observe that discovery in this case ends on August 29, 2022, the dispositive motions deadline is set for September 26, 2022, and trial is set to begin on December 5, 2022. DE 18. As such, I have determined that an aggressive schedule is required for the handling of discovery pertaining to the source code in order to ensure that the parties are able to meet their pretrial deadlines and trial date.

**ACCORDINGLY**, Future Motion's Motion for Protective Order (DE 26) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion for Protective Order is **GRANTED** to the extent that Plaintiff Ibarra seeks information pertaining to source code for device models other than the model at issue in this case, and the Motion for Protective Order is otherwise **DENIED**;

2. The parties shall immediately engage in conferral to agree upon the inspection protocols that should apply to prevent inadvertent disclosure of the source code;

3. Should the parties be unable to agree, then **by no later than Thursday, August 11, 2022,** each party shall submit a brief of no more than 5 pages, supported by the declaration of an appropriate expert authority, as to what protocols should apply so that

    the Court may decide which proposal shall govern inspection of the subject source code;

4. Future Motion shall provide disclosure of its source code **by no later than August 25, 2022** (DE 18 at 4).

The parties are reminded that any requests for extensions of pretrial deadlines, including the discovery deadline, must be made by appropriate motion for consideration by the presiding U.S. District Judge. The parties are also reminded to include details about why any requested extension is necessary and whether other pretrial deadlines would be affected by the proposed extension.

    **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of August 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE