UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JASON IBARRA,

      PLAINTIFF,

V.                                                    CASE NO. 2:22-CV-14067 (WM)

FUTURE MOTION, INC.,

      DEFENDANT.

_____

**DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS**

      Defendant, Future Motion, Inc., ("Defendant") moves this Court for an Order enforcing the settlement of this matter and for an award of attorney's fees and costs incurred in enforcing the settlement. In support, Defendant states:

**BACKGROUND**

      Plaintiff Jason Ibarra initiated a lawsuit against Future Motion, Inc. alleging negligence and strict liability. (Dkt. 101, p. 1.) He alleges that on February 12, 2021, he was riding a Onewheel+ electric skateboard and fell. (*Id.* p. 2.) Future Motion, Inc. is the creator and manufacturer of the Onewheel+. (*Id.*) In addition to the Onewheel+ at issue in the case, Plaintiff owned at least five other Onewheels. (Dkt. 101, p. 8.) Plaintiff alleged that the Onewheel was defective due to its design and inadequate warnings. (*Id.* p. 13.) His allegations of defect were not specific to the Onewheel+; he alleged generally that Onewheels are defective in design under the consumer expectation test and risk utility test, and that they lack adequate warnings.

The matter was scheduled to begin trial on May 15, 2023. (Dkt. 48.) In advance of trial, Plaintiff's counsel presented settlement demands to Future Motion's counsel. On April 14, 2023, Future Motion relayed the following settlement offer to Plaintiff's counsel:

> I am authorized to allow your client to dismiss all of his claims against Future Motion with prejudice, with each party bearing its own costs, in exchange for your client executing a full and final release of all claims, returning all Onewheels he owns to us, and promising that he will never purchase or own a Onewheel in the future. The release would include non-disparagement language. Your client would be responsible for resolving any liens and subrogation interests.

(Curtis Dec., Ex. 1.) On April 28, 2023, Plaintiff's counsel responded that he was authorized to accept the offer of a no cost dismissal. He objected to the other proposed terms. The parties went back and forth on the terms of the settlement. On May 1, 2023, Future Motion made a settlement proposal that was generally accepted by Plaintiff's counsel the same day. (Curtis Decl., Ex. 1.) Counsel advised:

> My client generally agrees to the terms you propose below, with the exception of the highlighted/struck/red portion.
>
> Explanation - my client will agree to sell his boards "as is" but cannot promise to indemnify Future Motion on claims made by others after he no longer owns or controls the boards.

(*Id.*) The terms of the accepted settlement were:

> Thanks for the call today. As we discussed, it sounds like we have the general outlines of a settlement, subject to resolving the issue of what to do with the other Onewheels your client owns. Areas where we agree: your client will dismiss all of his claims against Future Motion with prejudice, with each party bearing its own costs, in exchange for plaintiff executing a full and final release of all claims and returning the subject Onewheel+ to us. We will agree to mutual nondisparagement language in the release. Your client is responsible for resolving any liens and subrogation interests. We will pay for shipping the subject Onewheel+ back to us. The settlement would not be disclosed to the Court until after it rules on the pending motions.

> Your client is not willing to return the remaining Onewheels he owns to us unless we agree to reimburse him for those. As they were not purchased directly from Future Motion, we are not open to doing that. We will agree to a settlement that does not involve return of the other Onewheels owned by your client subject to the following terms. Your client would agree not to ride, purchase, lease, or rent any Onewheels in the future from any source. In the event that he chooses to violate this provision and continue to ride Onewheels, he assumes all liability for that decision and does so at his own risk. He would agree to fully and forever release and discharge Future Motion for all claims he has or may have arising out of all Onewheels he owns. Further, he agrees to defend, indemnify, and hold Future Motion harmless for any claims asserted by anyone else related to any other Onewheel he owns, whether such claim arises while he owns the board(s) ~~or after he sells the board(s).~~ All boards he chooses to resell will be sold as-is and without any warranties express or implied; my guess is that the factory warranty has already expired on all his boards anyhow. He will need to provide us a list of models and serial numbers of other boards to incorporate into this provision of the release.
>
> I think we can work out the details of how to address his other boards without a settlement conference. We are open to further discussion on how to word this, but you understand our concerns about closing the door on any future claims related to Mr. Ibarra and his boards.

(*Id.*)

On May 5, 2023, counsel for Future Motion sent a draft Settlement Agreement and Release reflecting these terms to Plaintiff's counsel. (Curtis Decl. ¶ 3.) Plaintiff objected to two key provisions of the settlement agreement, notwithstanding his prior agreement to those terms: (1) defending, indemnifying, and holding Future Motion harmless for any claims related to any other Onewheel he owns (he previously agreed to indemnify Future Motion for claims that arise while he still owns the board, only objecting to indemnification for claims arising from boards he no longer owns), and (2) providing Future Motion a list of the models and serial numbers of those boards to enforce that provision. (Curtis Decl., Ex. 1, 5/15/2023 Email.) After numerous back and forth communications on those issues, the parties remain unable to reach a settlement. (*See id.*, 7/21/2023 Email.) Future Motion now moves the Court to enforce a settlement consistent with the final draft Settlement Agreement and Release circulated by Future Motion. (Curtis Decl., Ex. 2.)

The parties filed a Stipulation for Dismissal on May 3, 2023, that was contingent upon the Court retaining jurisdiction to enforce the terms of the settlement pursuant to *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012). (Dkt. 108.) The Court ordered

3

dismissal the same day and retained jurisdiction to enforce the terms and conditions of the parties' settlement agreement in its Order for Dismissal. (Dkt. 110.)

## ARGUMENT AND AUTHORITIES

I. **Plaintiff entered into a binding settlement and should be compelled to execute a Settlement Agreement and Release consistent with the agreed upon terms.**

"District courts have inherent power to enforce settlement agreements. Indeed, the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted to the court's sound discretion." *Malvaes v. Constellation Brands, Inc.*, 2016 WL 4007332, at *2 (S.D. Fla. 2016) (citations and quotation marks omitted). "In both the federal and state courts, settlements are highly favored and will be enforced whenever possible." *Id.* (citing *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994)). The parties' dismissal was contingent upon this Court retaining jurisdiction to enforce the terms of the settlement, which the Eleventh Circuit permitted in *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

In the Eleventh Circuit, federal courts generally rely "on state law principles in determining whether to enforce a settlement agreement." *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1253 (11th Cir. 1999). Courts look to the "traditional notions of offer and acceptance, and basic contract law, to determine whether an enforceable contract exists." *Beharrie-Lue v. Felt Home Care, Inc.*, 2010 WL 2985650, at *1 (S.D. Fla. July 2010). "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." *Bp Prods. N. Am. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007) (citation omitted). A client's express authority given to his attorney to settle a

4

cause of action must be clear and unequivocal. *See Jorgensen v. Grand Union Co.,* 490 So.2d 214 (Fla. 4th DCA 1986).

Here, Plaintiff unequivocally agreed to the following material terms of the settlement agreement via email exchange on May 1, 2023:

- Plaintiff dismissed all his claims against Future Motion with prejudice, with each party bearing its own costs

- Plaintiff agreed to execute a full and final release of all claims

- Plaintiff agreed to return the subject Onewheel+ to Future Motion and Future Motion agreed to pay shipping for the return

- The parties agreed to mutual nondisparagement language

- Plaintiff was responsible for addressing any liens and subrogation interests

- Plaintiff retained ownership of the Other Onewheels subject to the following terms:

    - Plaintiff will not ride, purchase, lease, or rent any Onewheels in the future from any source. If he violates this provision, he assumes all liability for that decision and does so at his own risk.

    - Plaintiff agreed to fully and forever release and discharge Future Motion for all claims he has or may have arising out of all Onewheels he owns.

    - Plaintiff agreed to defend, indemnify, and hold Future Motion harmless for any claims asserted by anyone else related to any Other Onewheels while he owns such Onewheels. Plaintiff did not agree to defend, indemnify, or hold Future Motion harmless only for any claims related to the Other Onewheels that may arise *after* he sells or no longer owns such Other Onewheels.

    - Any Other Onewheels Plaintiff resells are sold as-is and without any warranties express or implied from Future Motion.

    - Plaintiff will provide a list of models and serial numbers of Other Onewheels to incorporate into the release.

(Curtis Decl., Ex. 1.) He may have "buyer's remorse" regarding the indemnity provisions and providing the serial numbers of his Other Onewheels, but he unequivocally agreed to those

terms. Future Motion was ready to proceed to trial on this case. Having served a Proposal for Settlement, it stood to recoup significant costs and fees in the event of a defense judgment. It gave up that possibility and agreed to a settlement based on Plaintiff's acceptance of the terms outlined in the May 1, 2023, email, which should be incorporated into the Settlement Agreement and Release.

WHEREFORE, Defendant, Future Motion, Inc., respectfully requests that this Court enter an Order compelling Plaintiff Jason Ibarra to immediately return the executed Release and awarding Defendants their reasonable attorneys' fees and costs incurred in enforcing the terms of the settlement agreement as a sanction for Plaintiff's failure to comply with the settlement terms.

### CERTIFICATE OF CONFERENCE

The undersigned conferred with Plaintiff's counsel in an effort to resolve the issues raised in this motion issue but was unable to do so.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on August 24, 2023 to counsel listed below.

                    */s/ Michael R. Holt*
MICHAEL R. HOLT
mholt@rumberger.com
Florida Bar No. 0483450
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 S.W. 8th Street 33130-3037
Post office Box 01-9041
Miami, Florida 33101
Telephone: (305) 358-5577

Kathleen K. Curtis
kcurtis@nilanjohnson.com
Pro Hac Vice
NILAN JOHNSON LEWIS PA
250 Marquette Ave. S., Suite 250
Minneapolis, MN 55401
Telephone: (612) 305-7500

*Attorneys for Defendants*

**SERVICE LIST**

| | |
|---|---|
| Aaron A. Karger, Esq.<br>Florida Bar No.: 93226<br>Law Offices of Aaron A. Karger, P.A.<br>16211 NE 18th Avenue<br>Suite 200<br>North Miami Beach, Florida 33162<br>Tel: (305) 577-7772<br>Fax: (305) 602-9357<br>Email: aaron@aak-law.com<br>E-service: service@aak-law.com<br><br>*Counsel for Plaintiff* | Jeffrey Weiskopf<br>Halperin, Halperin & Weiskopf, PLLC<br>18 East 48th Street, Suite 1001<br>New York, New York 10017<br>Phone: 212-935-2600<br>Facsimile: 212-935-2390<br>E-mail: jweiskopf@halperinlawyers.com<br><br>*Counsel for Plaintiff* |

Lowell P. McKelvey
Pro Hac Vice
McKelvey Law LLC
1205 NW 25th Avenue
Potland, Oregon 97210
Tel: 503-349-7535
E-mail: lowell@mckelveylaw.com

*Counsel for Plaintiff*